Case: 1:09-cv-06257 Document #: 1-2 Filed: 10/06/09 Page 1 of 49 PageID #:3

Assign to Ref: JUE 9/23/9
CPDFA
CPD

| | |
|---|---|
| 212 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. 2009 L 010597

WILLIE LEE JENNINGS, JR., Plaintiff

(Name all parties)

v.

CITY OF CHICAGO, a municipal corporation, THOMAS M. O'BRIEN, DENNIS M. GRABER, AARON D. CHATMAN, and ISSAC A. LAMBERT, Defendants.

Please serve:

See attached SERVICE LIST

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ **Richard J. Daley Center, 50 W. Washington, Room** _801_ **, Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 32065

Name: PERRY GRIMALDI

Atty. for: Plaintiff

Address: 77 West Washington, Suite 505

City/State/Zip: Chicago, IL 60602

Telephone: (312) 388-0808

WITNESS, _____

SEP 0 2009

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

Clerk of Court

Date of service: _9-17-09_
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## SERVICE LIST:

Please serve:

1. **CITY OF CHICAGO**
   c/o City Clerk of the Chicago
   121 North LaSalle Street
   Room 107
   Chicago, IL 60602

2. **THOMAS M. O'BRIEN**
   (Chicago Police Officer, Star No. 12964)

3. **DENNIS M. GRABER**
   (Chicago Police Officer, Star No. 7649)

4. **AARON D. CHATMAN**
   (Chicago Police Officer, Star No. 21313)

5. **ISAAC A. LAMBERT**
   (Chicago Police Officer, Star No. 20513)

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

2009L010597
CALENDAR/ROOM A
TIME 00:00
Tort - Intentional

FILED
2009 SEP -8 PM 3: 21
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

| | |
|---|---|
| WILLIE LEE JENNINGS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| | ) |
| CITY OF CHICAGO, a municipal | ) |
| corporation, THOMAS M. O'BRIEN, | ) |
| DENNIS M. GRABER, AARON D. | ) |
| CHATMAN, and ISAAC A. LAMBERT, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT AT LAW

## COUNT I
### *(FALSE ARREST)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY

GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading

hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO,

a municipal corporation, THOMAS M. O'BRIEN, and DENNIS M. GRABER, as

follows:

    1.    On September 5, 2008, and at all times relevant, Defendant, CITY OF

CHICAGO, which will be referred to in this Complaint at Law as "CHICAGO", was

a municipal corporation located in Cook County, Illinois.

    2.    On September 5, 2008, and at all times relevant, Defendant, THOMAS

M. O'BRIEN, who will be referred to in this Complaint at Law as "O'BRIEN", was a police officer in the Police Department of CHICAGO.

3.      On September 5, 2008, and at all times relevant, O'BRIEN was an employee of CHICAGO.

4.      On September 5, 2008, and at all times relevant, O'BRIEN was an agent of CHICAGO.

5.      On September 5, 2008, and at all times relevant, Defendant, DENNIS M. GRABER, who will be referred to in this Complaint at Law as "GRABER", was a police officer in the Police Department of CHICAGO.

6.      On September 5, 2008, and at all times relevant, GRABER was an employee of CHICAGO.

7.      On September 5, 2008, and at all times relevant, GRABER was an agent of CHICAGO.

8.      On September 5, 2008, O'BRIEN and GRABER, while on duty as police officers for CHICAGO and as employees and agents of CHICAGO, encountered Plaintiff as Plaintiff was at or near 1542 W. 79th Street, Chicago, Illinois, which will be referred to as the "79th STREET LOCATION."

9.      On September 5, 2008, at the time O'BRIEN and GRABER encountered Plaintiff, O'BRIEN and GRABER were acting within the scope of their employment by CHICAGO.

10.      On September 5, 2008, at the time O'BRIEN and GRABER

encountered Plaintiff, O'BRIEN and GRABER were acting within the scope of their authority from CHICAGO.

11.     On September 5, 2008, at or near the 79th STREET LOCATION, O'BRIEN and/or GRABER intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without a warrant commanding that Plaintiff be arrested.

12.     On September 5, 2008, at or near the 79th STREET LOCATION, O'BRIEN and/or GRABER intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without reasonable grounds to believe that a warrant for Plaintiff's arrest had been issued in this State or in another jurisdiction.

13.     On September 5, 2008, at or near the  79th STREET LOCATION, O'BRIEN and/or GRABER intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without good faith that a warrant for Plaintiff's arrest had been issued in this State or in another jurisdiction.

14.     On September 5, 2008, at or near the  79th STREET LOCATION, O'BRIEN and/or GRABER intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without reasonable grounds to believe that Plaintiff was committing or had committed an offense.

15.     On September 5, 2008, at or near the  79th STREET LOCATION, O'BRIEN and/or GRABER intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without probable cause for Plaintiff's arrest.

16.     On September 5, 2008, at or near the 79th STREET LOCATION,

3

O'BRIEN and/or GRABER intentionally, maliciously, willfully, and/or wantonly

arrested Plaintiff, without lawful justification for Plaintiff's arrest,

17.    On September 5, 2008, at or near the 79th STREET LOCATION,

O'BRIEN and/or GRABER intentionally, maliciously, willfully, and/or wantonly

arrested Plaintiff, knowing that Plaintiff's arrest was unreasonable.

18.    On September 5, 2008, and at all times relevant, Plaintiff did not consent

to his arrest by O'BRIEN and/or GRABER.

19.    On September 5, 2008, and at all times relevant, the arrest of Plaintiff by

O'BRIEN and/or GRABER was against Plaintiff's will.

20.    On September 5, 2008, and at all times relevant, O'BRIEN and

GRABER were on duty as police officers of the CHICAGO POLICE

DEPARTMENT when O'BRIEN and/or GRABER arrested Plaintiff.

21.    On September 5, 2008, and at all times relevant, O'BRIEN and

GRABER were acting as employees and agents of CHICAGO when O'BRIEN

and/or GRABER arrested Plaintiff.

22.    On September 5, 2008, and at all times relevant, O'BRIEN and

GRABER were acting within the scope of their employment by CHICAGO when

O'BRIEN and/or GRABER arrested Plaintiff.

23.    On September 5, 2008, and at all times relevant, O'BRIEN and

GRABER were acting within the scope of their authority from CHICAGO when

O'BRIEN and/or GRABER arrested Plaintiff.

24.     The previously described actions committed by O'BRIEN and GRABER showed an utter indifference to or conscious disregard for the safety, freedom and liberty of Plaintiff.

25.     CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that O'BRIEN and GRABER performed the actions described while on duty as police officers for CHICAGO and as employees and agents of CHICAGO, and while acting within the scope of their employment by CHICAGO and within scope of their authority from CHICAGO.

26.     As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by O'BRIEN and/or GRABER, Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for a significant period of time, was caused to suffer, and continues to suffer, great mental and emotional suffering, anguish and humiliation, severe emotional distress, damage to his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit**, and prays for a judgment in his favor and against Defendants, **THOMAS M. O'BRIEN**, and **DENNIS M. GRABER**, **for actual, compensatory, and punitive damages in excess of $ 50,000.00 and costs of this lawsuit.**

5

# COUNT II
## *(FALSE ARREST)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO, a municipal corporation, AARON D. CHATMAN, and ISAAC A. LAMBERT, as follows:

1. Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count II.

2. On September 5, 2008, and at all times relevant, Defendant, AARON D. CHATMAN, who will be referred to in this Complaint at Law as "CHATMAN", was a police officer in the Police Department of CHICAGO.

3. On September 5, 2008, and at all times relevant, CHATMAN was an employee of CHICAGO.

4. On September 5, 2008, and at all times relevant, CHATMAN was an agent of CHICAGO.

5. On September 5, 2008, and at all times relevant, Defendant, ISAAC A. LAMBERT, who will be referred to in this Complaint at Law as "LAMBERT", was a police officer in the Police Department of CHICAGO.

6. On September 5, 2008, and at all times relevant, LAMBERT was an employee of CHICAGO.

7. On September 5, 2008, and at all times relevant, LAMBERT was an

agent of CHICAGO.

8.      On September 5, 2008, CHATMAN and LAMBERT, while on duty as police officers for CHICAGO and as employees and agents of CHICAGO, encountered Plaintiff as Plaintiff was at or near the 79th STREET LOCATION.

9.      On September 5, 2008, at the time CHATMAN and LAMBERT encountered Plaintiff, CHATMAN and LAMBERT were acting within the scope of their employment by CHICAGO.

10.     On September 5, 2008, at the time CHATMAN and LAMBERT encountered Plaintiff, CHATMAN and LAMBERT were acting within the scope of their authority from CHICAGO.

11.     On September 5, 2008, at or near the 79th STREET LOCATION, CHATMAN and/or LAMBERT intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without a warrant commanding that Plaintiff be arrested.

12.     On September 5, 2008, at or near the 79th STREET LOCATION, CHATMAN and/or LAMBERT intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without reasonable grounds to believe that a warrant for Plaintiff's arrest had been issued in this State or in another jurisdiction.

13.     On September 5, 2008, at or near the 79th STREET LOCATION, CHATMAN and/or LAMBERT intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without good faith that a warrant for Plaintiff's arrest had been issued in this State or in another jurisdiction.

7

14.     On September 5, 2008, at or near the 79th STREET LOCATION, CHATMAN and/or LAMBERT intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without reasonable grounds to believe that Plaintiff was committing or had committed an offense.

15.     On September 5, 2008, at or near the 79th STREET LOCATION, CHATMAN and/or LAMBERT intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without probable cause for Plaintiff's arrest.

16.     On September 5, 2008, at or near the 79th STREET LOCATION, CHATMAN and/or LAMBERT intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without lawful justification for Plaintiff's arrest,

17.     On September 5, 2008, at or near the 79th STREET LOCATION, CHATMAN and/or LAMBERT intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, knowing that Plaintiff's arrest was unreasonable.

18.     On September 5, 2008, and at all times relevant, Plaintiff did not consent to his arrest by CHATMAN and/or LAMBERT.

19.     On September 5, 2008, and at all times relevant, the arrest of Plaintiff by CHATMAN and/or LAMBERT was against Plaintiff's will.

20.     On September 5, 2008, and at all times relevant, CHATMAN and LAMBERT were on duty as police officers of the CHICAGO POLICE DEPARTMENT when CHATMAN and/or LAMBERT arrested Plaintiff.

21.     On September 5, 2008, and at all times relevant, CHATMAN and

LAMBERT were acting as employees and agents of CHICAGO when CHATMAN and/or LAMBERT arrested Plaintiff.

22.     On September 5, 2008, and at all times relevant, CHATMAN and LAMBERT were acting within the scope of their employment by CHICAGO when CHATMAN and/or LAMBERT arrested Plaintiff.

23.     On September 5, 2008, and at all times relevant, CHATMAN and LAMBERT were acting within the scope of their authority from CHICAGO when CHATMAN and/or LAMBERT arrested Plaintiff.

24.     The previously described actions committed by CHATMAN and LAMBERT showed an utter indifference to or conscious disregard for the safety, freedom and liberty of Plaintiff.

25.     CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that CHATMAN and LAMBERT performed the actions described while on duty as police officers for CHICAGO and as employees and agents of CHICAGO, and while acting within the scope of their employment by CHICAGO and within scope of their authority from CHICAGO.

26.     As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by CHATMAN and/or LAMBERT, Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for a significant period of time, was caused to suffer, and continues to suffer, great mental and emotional suffering, anguish and humiliation, severe emotional distress, damage to

9

his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit,** and prays for a judgment in his favor and against Defendants, **AARON D. CHATMAN,** and **ISAAC A. LAMBERT, for actual, compensatory, and punitive damages in excess of $ 50,000.00 and costs of this lawsuit.**

## COUNT III
### *(FALSE ARREST)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendant, CITY OF CHICAGO, a municipal corporation, as follows:

1.      Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count III.

2.      On September 5, 2008, and at all times relevant, certain persons, who will be referred to in this Complaint at Law as "the UNKNOWN OFFICERS", were police officers in the Police Department of CHICAGO.

3.      On September 5, 2008, and at all times relevant, the UNKNOWN

OFFICERS were employees of CHICAGO.

4.      On September 5, 2008, and at all times relevant, the UNKNOWN
OFFICERS were agents of CHICAGO.

5.      On September 5, 2008, the UNKNOWN OFFICERS, while on duty as
police officers for CHICAGO and as employees and agents of CHICAGO,
encountered Plaintiff as Plaintiff was at or near the 79th STREET LOCATION.

6.      On September 5, 2008, at the time the UNKNOWN OFFICERS
encountered Plaintiff, the UNKNOWN OFFICERS were acting within the scope of
their employment by CHICAGO.

7.      On September 5, 2008, at the time the UNKNOWN OFFICERS
encountered Plaintiff, the UNKNOWN OFFICERS were acting within the scope of
their authority from CHICAGO.

8.      On September 5, 2008, at or near the 79th STREET LOCATION, one or
more of the UNKNOWN OFFICERS intentionally, maliciously, willfully, and/or
wantonly arrested Plaintiff, without a warrant commanding that Plaintiff be arrested.

9.      On September 5, 2008, at or near the 79th STREET LOCATION, one or
more of the UNKNOWN OFFICERS intentionally, maliciously, willfully, and/or
wantonly arrested Plaintiff, without reasonable grounds to believe that a warrant for
Plaintiff's arrest had been issued in this State or in another jurisdiction.

10.      On September 5, 2008, at or near the 79th STREET LOCATION, one or
more of the UNKNOWN OFFICERS intentionally, maliciously, willfully, and/or

wantonly arrested Plaintiff, without good faith that a warrant for Plaintiff's arrest had been issued in this State or in another jurisdiction.

11.     On September 5, 2008, at or near the 79th STREET LOCATION, one or more of the UNKNOWN OFFICERS  intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without reasonable grounds to believe that Plaintiff was committing or had committed an offense.

12.     On September 5, 2008, at or near the 79th STREET LOCATION, one or more of the UNKNOWN OFFICERS  intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without probable cause for Plaintiff's arrest.

13.     On September 5, 2008, at or near the 79th STREET LOCATION, one or more of the UNKNOWN OFFICERS intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, without lawful justification for Plaintiff's arrest,

14.     On September 5, 2008, at or near the 79th STREET LOCATION, one or more of the UNKNOWN OFFICERS  intentionally, maliciously, willfully, and/or wantonly arrested Plaintiff, knowing that Plaintiff's arrest was unreasonable.

15.     On September 5, 2008, and at all times relevant, Plaintiff did not consent to his arrest by one or more of the UNKNOWN OFFICERS.

16.     On September 5, 2008, and at all times relevant, the arrest of Plaintiff by one or more of the UNKNOWN OFFICERS was against Plaintiff's will.

17.     On September 5, 2008, and at all times relevant, the UNKNOWN OFFICERS were on duty as police officers of the CHICAGO POLICE

DEPARTMENT when one or more of the UNKNOWN OFFICERS arrested Plaintiff.

18.　On September 5, 2008, and at all times relevant, the UNKNOWN OFFICERS were acting as employees and agents of CHICAGO when one or more of the UNKNOWN OFFICERS arrested Plaintiff.

19.　On September 5, 2008, and at all times relevant, the UNKNOWN OFFICERS were acting within the scope of their employment by CHICAGO when one or more of the UNKNOWN OFFICERS arrested Plaintiff.

20.　On September 5, 2008, and at all times relevant, the UNKNOWN OFFICERS were acting within the scope of their authority from CHICAGO when one or more of the UNKNOWN OFFICERS arrested Plaintiff.

21.　The previously described actions committed by the UNKNOWN OFFICERS showed an utter indifference to or conscious disregard for the safety, freedom and liberty of Plaintiff.

22.　CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that the UNKNOWN OFFICERS performed the actions described while on duty as police officers for CHICAGO and as employees and agents of CHICAGO, and while acting within the scope of their employment by CHICAGO and within scope of their authority from CHICAGO.

23.　As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by one or more of the UNKNOWN

OFFICERS, Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for a significant period of time, was caused to suffer, and continues to suffer, great mental and emotional suffering, anguish and humiliation, severe emotional distress, damage to his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit.**

## COUNT IV
### *(FALSE IMPRISONMENT)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO, a municipal corporation, THOMAS M. O'BRIEN, and DENNIS M. GRABER, as follows:

1. – 25.    Plaintiff realleges Paragraphs 1 through 25 of Count I as Paragraphs 1 through 25 of this Count IV.

26.    As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by O'BRIEN and/or GRABER, Plaintiff was

unlawfully held, detained, restrained, jailed and imprisoned, for a significant period of time, all against Plaintiff's will and without Plaintiff's consent.

27.     As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by O'BRIEN and/or GRABER, Plaintiff was unlawfully held, detained, restrained, jailed and imprisoned, for a significant period of time, all against Plaintiff's will and without Plaintiff's consent, in a Chicago Police Department police vehicle, in areas of the Chicago Police Department Police Station, located at 7808 S. Halsted Street, Chicago, Illinois, and in areas of the Cook County Department of Corrections, also known as, the Cook County Jail, located at 2700 South California Avenue, Chicago, Illinois.

28.     As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by O'BRIEN and/or GRABER, and the resulting unlawfully holding, detention, restraint, jailing, and imprisonment of Plaintiff for a significant period of time, Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for a significant period of time, was caused to suffer, and continues to suffer, great mental and emotional suffering, anguish and humiliation, severe emotional distress, damage to his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and**

costs of this lawsuit, and prays for a judgment in his favor and against, Defendants,

**THOMAS M. O'BRIEN**, and **DENNIS M. GRABER, for actual,**

**compensatory, and punitive damages in excess of $ 50,000.00 and costs of this**

**lawsuit.**

## COUNT V
### *(FALSE IMPRISONMENT)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY

GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading

hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO,

a municipal corporation, AARON D. CHATMAN, and ISAAC A. LAMBERT, as

follows:

1.      Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count V.

2. – 25.      Plaintiff realleges Paragraphs 2 through 25 of Count II as

Paragraphs 2 through 25 of this Count V.

26.      As a direct and proximate result of the intentional, malicious, willful,

and/or wanton false arrest of Plaintiff by CHATMAN and/or LAMBERT, Plaintiff

was unlawfully held, detained, restrained, jailed and imprisoned, for a significant period

of time, all against Plaintiff's will and without Plaintiff's consent.

27.      As a direct and proximate result of the intentional, malicious, willful,

and/or wanton false arrest of Plaintiff by CHATMAN and/or LAMBERT, Plaintiff

was unlawfully held, detained, restrained, jailed and imprisoned, for a significant period

of time, all against Plaintiff's will and without Plaintiff's consent, in a Chicago Police Department police vehicle, in areas of the Chicago Police Department Police Station, located at 7808 S. Halsted Street, Chicago, Illinois, and in areas of the Cook County Department of Corrections, also known as, the Cook County Jail, located at 2700 South California Avenue, Chicago, Illinois.

28. As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by CHATMAN and/or LAMBERT, and the resulting unlawfully holding, detention, restraint, jailing, and imprisonment of Plaintiff for a significant period of time, Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for a significant period of time, was caused to suffer, and continues to suffer, great mental and emotional suffering, anguish and humiliation, severe emotional distress, damage to his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit**, and prays for a judgment in his favor and against, Defendants, **AARON D. CHATMAN** and **ISAAC A. LAMBERT, for actual, compensatory, and punitive damages in excess of $ 50,000.00 and costs of this lawsuit.**

## COUNT VI
### (FALSE IMPRISONMENT)

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendant, CITY OF CHICAGO, a municipal corporation, as follows:

1.      Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count VI.

2. – 22.      Plaintiff realleges Paragraphs 2 through 22 of Count III as Paragraphs 2 through 22 of this Count VI.

23.      As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by one or more of the UNKNOWN OFFICERS, Plaintiff was unlawfully held, detained, restrained, jailed and imprisoned, for a significant period of time, all against Plaintiff's will and without Plaintiff's consent,.

24.      As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by one or more of the UNKNOWN OFFICERS, Plaintiff was unlawfully held, detained, restrained, jailed and imprisoned, for a significant period of time, all against Plaintiff's will and without Plaintiff's consent, in a Chicago Police Department police vehicle, in areas of the Chicago Police Department Police Station, located at 7808 S. Halsted Street, Chicago, Illinois,  and in

18

areas of the Cook County Department of Corrections, also known as, the Cook County Jail, located at 2700 South California Avenue, Chicago, Illinois.

25. As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by one or more of the UNKNOWN OFFICERS, and the resulting unlawfully holding, detention, restraint, jailing, and imprisonment of Plaintiff for a significant period of time, Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for a significant period of time, was caused to suffer, and continues to suffer, great mental and emotional suffering, anguish and humiliation, severe emotional distress, damage to his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit**.

## COUNT VII
### *(MALICIOUS PROSECUTION)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO, a municipal corporation, and THOMAS M. O'BRIEN, as follows:

1. – 4.     Plaintiff realleges Paragraphs 1 through 4 of Count I as Paragraphs

1 through 4 of this Count VII.

5. On September 5, 2008, O'BRIEN, while on duty as a police officer for CHICAGO and as an employee and agent of CHICAGO, unlawfully initiated, commenced, and signed false criminal complaints against Plaintiff alleging Plaintiff committed the offenses of Obstructing a Peace Officer (720 ILCS 5/31-1(a)), and Aggravated Assault (720 ILCS 12-2(a)(6)), which will be referred to in this Complaint at Law as "the O'BRIEN FALSE CRIMINAL COMPLAINTS." (See Exhibit A, the O'BRIEN FALSE CRIMINAL COMPLAINTS, attached to and incorporated in this Complaint at Law by reference.)

6. On September 5, 2008, O'BRIEN unlawfully initiated, commenced, and signed the O'BRIEN FALSE CRIMINAL COMPLAINTS against Plaintiff with the intent to cause, procure, instigate, and initiate the arrest of Plaintiff by police officers of the Chicago Police Department.

7. On September 5, 2008, when O'BRIEN unlawfully initiated, commenced, and signed the O'BRIEN FALSE CRIMINAL COMPLAINTS against Plaintiff, O'BRIEN did not have probable cause to believe that Plaintiff had committed the offenses alleged in the O'BRIEN FALSE CRIMINAL COMPLAINTS.

8. On September 5, 2008, when O'BRIEN unlawfully initiated, commenced, and signed the O'BRIEN FALSE CRIMINAL COMPLAINTS against Plaintiff, O'BRIEN did not have reasonable grounds to believe that Plaintiff had

committed the offenses alleged in the O'BRIEN FALSE CRIMINAL

COMPLAINTS.

9.      On September 5, 2008, when O'BRIEN unlawfully initiated,

commenced, and signed the O'BRIEN FALSE CRIMINAL COMPLAINTS against

Plaintiff, O'BRIEN acted unreasonably.

10.     On September 5, 2008, when O'BRIEN unlawfully initiated,

commenced, and signed the O'BRIEN FALSE CRIMINAL COMPLAINTS against

Plaintiff, O'BRIEN acted maliciously.

11.     On September 5, 2008, as a direct result of O'BRIEN unlawfully

initiating, commencing, and signing the O'BRIEN FALSE CRIMINAL

COMPLAINTS against Plaintiff, police officers of the Chicago Police Department

seized, searched, and arrested Plaintiff, all against Plaintiff's will and without Plaintiff's

consent,

12.     On September 5, 2008, and at all times relevant thereafter, as a direct

result of O'BRIEN unlawfully initiating, commencing, and signing the O'BRIEN

FALSE CRIMINAL COMPLAINTS against Plaintiff, police officers of the Chicago

Police Department forcibly transported Plaintiff in a Chicago Police Department

vehicle to a Chicago Police Department police station, where Plaintiff was searched,

restrained, detained, and confined, against Plaintiff's will and without Plaintiff's

consent, by officers and/or employees of the Chicago Police Department, for a

significant period of time.

13. On September 5, 2008, and at all times relevant thereafter, as a direct result of O'BRIEN unlawfully initiating, commencing, and signing the O'BRIEN FALSE CRIMINAL COMPLAINTS against Plaintiff, Plaintiff was further searched, restrained, detained, and confined, against Plaintiff's will and without Plaintiff's consent, in certain other locations, areas and/or cells, by officers, deputies and/or employees of the Sheriff of Cook County, Illinois, for a significant period of time, until Plaintiff was thereafter released on bond.

14. On September 5, 2008, and at all times relevant thereafter, as a direct result of O'BRIEN unlawfully initiating, commencing, and signing the O'BRIEN FALSE CRIMINAL COMPLAINTS against Plaintiff, a criminal prosecution of Plaintiff was conducted by the State's Attorney of Cook County, Illinois, under Case No. 08-MC1-270326-01, in the Circuit Court of Cook County, Illinois, which will be referred to in this Complaint at Law as "the O'BRIEN CRIMINAL PROSECUTION".

15. On November 21, 2008, the O'BRIEN CRIMINAL PROSECUTION terminated in favor of Plaintiff when an Assistant State's Attorney of Cook County, Illinois formally abandoned the O'BRIEN CRIMINAL PROSECUTION by moving to strike the O'BRIEN FALSE CRIMINAL COMPLAINTS and the O'BRIEN CRIMINAL PROSECUTION with leave to reinstate.

16. The Assistant State's Attorney of Cook County, Illinois formally abandoned the O'BRIEN CRIMINAL PROSECUTION by moving to strike the

22

O'BRIEN FALSE CRIMINAL COMPLAINTS and the O'BRIEN CRIMINAL

PROSECUTION with leave to reinstate on November 21, 2008 for reasons consistent

and indicative of the innocence of Plaintiff of the O'BRIEN FALSE CRIMINAL

COMPLAINTS and the O'BRIEN CRIMINAL PROSECUTION.

17.     On September 5, 2008, and at all times relevant thereafter, there was an

absence of probable cause for the O'BRIEN CRIMINAL COMPLAINT and the

O'BRIEN CRIMINAL PROSECUTION.

18.     On September 5, 2008, and at all times relevant thereafter, when

O'BRIEN unlawfully initiated, commenced, and signed the O'BRIEN FALSE

CRIMINAL COMPLAINTS against Plaintiff, which directly resulted in the O'BRIEN

CRIMINAL PROSECUTION, O'BRIEN acted maliciously.

19.     On September 5, 2008, and at all times relevant thereafter, as a direct

result of O'BRIEN unlawfully initiating, commencing, and signing the O'BRIEN

FALSE CRIMINAL COMPLAINTS against Plaintiff, which directly resulted in the

O'BRIEN CRIMINAL PROSECUTION, Plaintiff was greatly injured and damaged,

was deprived of his liberty and freedom for a significant period of time, was caused to

suffer, and continues to suffer, great mental and emotional suffering, anguish and

humiliation, severe emotional distress, damage to his reputation, and loss of a normal

life, and was exposed to public scandal and disgrace.

20.     CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that

O'BRIEN performed the actions described while on duty as a police officer for

CHICAGO and as an employee and agent of CHICAGO, and while acting within the scope of his employment by CHICAGO and within scope of his authority from CHICAGO.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit**, and prays for a judgment in his favor and against, Defendant, **THOMAS M. O'BRIEN, for actual, compensatory, and punitive damages in excess of $ 50,000.00 and costs of this lawsuit.**

## COUNT VIII
### *(MALICIOUS PROSECUTION)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO, a municipal corporation, and DENNIS M. GRABER, as follows:

1.     Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count VIII.

2. – 4.     Plaintiff realleges Paragraph 5 through 7 of Count I as Paragraph 2 through 4 of this Count VIII.

5.     On September 5, 2008, GRABER, while on duty as a police officer for

CHICAGO and as an employee and agent of CHICAGO, unlawfully initiated, commenced, and signed false criminal complaints against Plaintiff alleging Plaintiff committed the offenses of Obstructing a Peace Officer (720 ILCS 5/31-1(a)), Aggravated Assault (720 ILCS 12-2(a)(6)), and Mob Action (720 ILCS 5/25-1(a)(1)), which will be referred to in this Complaint at Law as "the GRABER FALSE CRIMINAL COMPLAINTS." (See Exhibit B, the GRABER FALSE CRIMINAL COMPLAINTS, attached to and incorporated in this Complaint at Law by reference.)

6.      On September 5, 2008, GRABER unlawfully initiated, commenced, and signed the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff with the intent to cause, procure, instigate, and initiate the arrest of Plaintiff by police officers of the Chicago Police Department.

7.      On September 5, 2008, when GRABER unlawfully initiated, commenced, and signed the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff, GRABER did not have probable cause to believe that Plaintiff had committed the offenses alleged in the GRABER FALSE CRIMINAL COMPLAINTS.

8.      On September 5, 2008, when GRABER unlawfully initiated, commenced, and signed the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff, GRABER did not have reasonable grounds to believe that Plaintiff had committed the offenses alleged in the GRABER FALSE CRIMINAL COMPLAINTS.

9.     On September 5, 2008, when GRABER unlawfully initiated, commenced, and signed the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff, GRABER acted unreasonably.

10.     On September 5, 2008, when GRABER unlawfully initiated, commenced, and signed the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff, GRABER acted maliciously.

11.     On September 5, 2008, as a direct result of GRABER unlawfully initiating, commencing, and signing the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff, police officers of the Chicago Police Department seized, searched, and arrested Plaintiff, all against Plaintiff's will and without Plaintiff's consent.

12.     On September 5, 2008, and at all times relevant thereafter, as a direct result of GRABER unlawfully initiating, commencing, and signing the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff, police officers of the Chicago Police Department forcibly transported Plaintiff in a Chicago Police Department vehicle to a Chicago Police Department police station, where Plaintiff was searched, restrained, detained, and confined, against Plaintiff's will and without Plaintiff's consent, by officers and/or employees of the Chicago Police Department, for a significant period of time.

13.     On September 5, 2008, and at all times relevant thereafter, as a direct result of GRABER unlawfully initiating, commencing, and signing the GRABER

FALSE CRIMINAL COMPLAINTS against Plaintiff, Plaintiff was further searched, restrained, detained, and confined, against Plaintiff's will and without Plaintiff's consent, in certain other locations, areas and/or cells, by officers, deputies and/or employees of the Sheriff of Cook County, Illinois, for a significant period of time, until Plaintiff was thereafter released on bond.

14.     On September 5, 2008, and at all times relevant thereafter, as a direct result of GRABER unlawfully initiating, commencing, and signing the GRABER FALSE CRIMINAL COMPLAINTS against Plaintiff, a criminal prosecution of Plaintiff was conducted by the State's Attorney of Cook County, Illinois, under Case No. 08-MC1-270326-01, in the Circuit Court of Cook County, Illinois, which will be referred to in this Complaint at Law as "the GRABER CRIMINAL PROSECUTION".

15.     On November 21, 2008, the GRABER CRIMINAL PROSECUTION terminated in favor of Plaintiff when an Assistant State's Attorney of Cook County, Illinois formally abandoned the GRABER CRIMINAL PROSECUTION by moving to strike the GRABER FALSE CRIMINAL COMPLAINTS and the GRABER CRIMINAL PROSECUTION with leave to reinstate.

16.     The Assistant State's Attorney of Cook County, Illinois formally abandoned the GRABER CRIMINAL PROSECUTION by moving to strike the GRABER FALSE CRIMINAL COMPLAINTS and the GRABER CRIMINAL PROSECUTION with leave to reinstate on November 21, 2008 for reasons consistent

and indicative of the innocence of Plaintiff of the GRABER FALSE CRIMINAL

COMPLAINTS and the GRABER CRIMINAL PROSECUTION.

17.    On September 5, 2008, and at all times relevant thereafter, there was an

absence of probable cause for the GRABER CRIMINAL COMPLAINT and the

GRABER CRIMINAL PROSECUTION.

18.    On September 5, 2008, and at all times relevant thereafter, when

GRABER unlawfully initiated, commenced, and signed the GRABER FALSE

CRIMINAL COMPLAINTS against Plaintiff, which directly resulted in the GRABER

CRIMINAL PROSECUTION, GRABER acted maliciously.

19.    On September 5, 2008, and at all times relevant thereafter, as a direct

result of GRABER unlawfully initiating, commencing, and signing the GRABER

FALSE CRIMINAL COMPLAINTS against Plaintiff, which directly resulted in the

GRABER CRIMINAL PROSECUTION, Plaintiff was greatly injured and damaged,

was deprived of his liberty and freedom for a significant period of time, was caused to

suffer, and continues to suffer, great mental and emotional suffering, anguish and

humiliation, severe emotional distress, damage to his reputation, and loss of a normal

life, and was exposed to public scandal and disgrace.

20.    CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that

GRABER performed the actions described while on duty as a police officer for

CHICAGO and as an employee and agent of CHICAGO, and while acting within the

scope of his employment by CHICAGO and within scope of his authority from

CHICAGO..

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit**, and prays for a judgment in his favor and against, Defendant, **DENNIS M. GRABER, for actual, compensatory, and punitive damages in excess of $ 50,000.00 and costs of this lawsuit.**

## COUNT IX
### *(INTENTIONAL INFLICTION*
### *OF EMOTION DISTRESS)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO, a municipal corporation, THOMAS M. O'BRIEN, and DENNIS M. GRABER, as follows:

1. – 24.    Plaintiff realleges Paragraphs 1 through 24 of Count I as Paragraphs 1 through 24 of this Count IX.

25. – 26.    Plaintiff realleges Paragraphs 26 and 27 of Count IV as Paragraphs 25 and 26 of this Count IX.

27. -  40.    Plaintiff realleges Paragraph 5 through 18 of Count VII as

Paragraphs 27 through 40 of this Count IX.

41. – 54.     Plaintiff realleges Paragraph 5 through 18 of Count VIII as Paragraphs 41 through 54 of this Count IX

55.     The acts and conduct of O'BRIEN and GRABER alleged above were extreme and outrageous.

56.     O'BRIEN and GRABER performed the acts and conduct alleged above with the intent of inflicting severe emotional distress on Plaintiff or with the knowledge that there was a high probability the acts and conduct alleged above would cause Plaintiff to suffer severe emotional distress

57.     As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by O'BRIEN and/or GRABER, and the resulting unlawfully holding, detention, restraint, jailing, and imprisonment of Plaintiff for a significant period of time, and as a direct result of O'BRIEN unlawfully initiating, commencing, and signing the O'BRIEN FALSE CRIMINAL COMPLAINTS against Plaintiff, which directly resulted in the O'BRIEN CRIMINAL PROSECUTION, Plaintiff was greatly injured and damaged, and was caused to suffer, and continues to suffer, severe emotional distress.

58.     As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by O'BRIEN and/or GRABER, and resulting unlawfully holding, detention, restraint, jailing, and imprisonment of Plaintiff for a significant period of time, and as a direct result of GRABER unlawfully initiating,

commencing, and signing the GRABER FALSE CRIMINAL COMPLAINTS against

Plaintiff, which directly resulted in the GRABER CRIMINAL PROSECUTION,

Plaintiff was greatly injured and damaged, and was caused to suffer, and continues to

suffer, severe emotional distress.

59.    CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that

O'BRIEN and GRABER performed the actions described while on duty as police

officers for CHICAGO and as employees and agents of CHICAGO, and while acting

within the scope of their employment by CHICAGO and within scope of their

authority from CHICAGO.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a

judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal

corporation, **for actual and compensatory damages in excess of $ 50,000.00 and

costs of this lawsuit**, and prays for a judgment in his favor and against, Defendants,

**THOMAS M. O'BRIEN**, and **DENNIS M. GRABER**, **for actual,

compensatory, and punitive damages in excess of $ 50,000.00 and costs of this

lawsuit.**

## COUNT X
### *(INTENTIONAL INFLICTION*
### *OF EMOTION DISTRESS)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY

GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading

hypothetically and in the alternative, complains of Defendants, CITY OF CHICAGO,

a municipal corporation, AARON D. CHATMAN, and ISAAC A. LAMBERT, as

follows:

1.     Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count X.

2. – 24.     Plaintiff realleges Paragraphs 2 through 24 of Count II as

Paragraphs 2 through 24 of this Count X.

25. – 26.     Plaintiff realleges Paragraphs 26 and 27 of Count V as Paragraphs

25 and 26 of this Count X.

27.     The acts and conduct of CHATMAN and LAMBERT alleged above

were extreme and outrageous.

28.     CHATMAN and LAMBERT performed the acts and conduct alleged

above with the intent of inflicting severe emotional distress on Plaintiff or with the

knowledge that there was a high probability the acts and conduct alleged above would

cause Plaintiff to suffer severe emotional distress

29.     As a direct and proximate result of the intentional, malicious, willful,

and/or wanton false arrest of Plaintiff by CHATMAN and/or LAMBERT, and the

resulting unlawfully holding, detention, restraint, jailing, and imprisonment of Plaintiff

for a significant period of time, Plaintiff was greatly injured and damaged, and was

caused to suffer, and continues to suffer, severe emotional distress.

30.     CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that

CHATMAN and LAMBERT performed the actions described while on duty as police

officers for CHICAGO and as employees and agents of CHICAGO, and while acting within the scope of their employment by CHICAGO and within scope of their authority from CHICAGO.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO,** a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and costs of this lawsuit,** and prays for a judgment in his favor and against, Defendants, **AARON D. CHATMAN** and **ISAAC A. LAMBERT, for actual, compensatory, and punitive damages in excess of $ 50,000.00 and costs of this lawsuit.**

## COUNT XI
### *(INTENTIONAL INFLICTION*
### *OF EMOTION DISTRESS)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendant, CITY OF CHICAGO, a municipal corporation, as follows:

1.      Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count XI.

2. – 21.      Plaintiff realleges Paragraphs 2 through 21 of Count III as Paragraphs 2 through 21 of this Count XI.

22. – 23.      Plaintiff realleges Paragraphs 23 and 24 of Count VI as Paragraphs

22 and 23 of this Count XI.

24.    The acts and conduct of one or more of the UNKNOWN OFFICERS alleged above were extreme and outrageous.

25.    One or more of the UNKNOWN OFFICERS performed the acts and conduct alleged above with the intent of inflicting severe emotional distress on Plaintiff or with the knowledge that there was a high probability the acts and conduct alleged above would cause Plaintiff to suffer severe emotional distress

26.    As a direct and proximate result of the intentional, malicious, willful, and/or wanton false arrest of Plaintiff by one or more of the UNKNOWN OFFICERS, and resulting unlawfully holding, detention, restraint, jailing, and imprisonment of Plaintiff for a significant period of time, Plaintiff was greatly injured and damaged, and was caused to suffer, and continues to suffer, severe emotional distress.

27.    CHICAGO is sued pursuant to the doctrine of *respondeat superior*, in that the UNKNOWN OFFICERS performed the actions described while on duty as police officers for CHICAGO and as employees and agents of CHICAGO, and while acting within the scope of their employment by CHICAGO and within scope of their authority from CHICAGO.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendant, **CITY OF CHICAGO**, a municipal corporation, **for actual and compensatory damages in excess of $ 50,000.00 and**

costs of this lawsuit.

## COUNT XII
### (SECTION 1983 ACTION)

Plaintiff, WILLIE LEE JENNINGS, JR., by and through attorneys, PERRY

GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading

hypothetically and in the alternative, complains of Defendants, THOMAS M.

O'BRIEN, and DENNIS M. GRABER, as follows:

1. – 24.    Plaintiff realleges Paragraphs 1 through 24 of Count I as

Paragraphs 1 through 24 of this Count XII.

25. – 26.    Plaintiff realleges Paragraphs 26 and 27 of Count IV as Paragraphs

25 and 26 of this Count XII.

27. - 40.    Plaintiff realleges Paragraph 5 through 18 of Count VII as

Paragraphs 27 through 40 of this Count XII.

41. – 54.    Plaintiff realleges Paragraph 5 through 18 of Count VIII as

Paragraphs 41 through 54 of this Count XII

55.    On September 5, 2008, and at all times relevant, O'BRIEN was acting

under the color of state law, as a police officer of CHICAGO.

56.    On September 5, 2008, and at all times relevant, GRABER was acting

under the color of state law, as a police officer of CHICAGO.

57.    On September 5, 2008, and at all times relevant, there was in full force

and effect a federal law known as the Federal Civil Rights Act, 42 U.S.C. 1983

(referred to in this Complaint at Law as the "FEDERAL CIVIL RIGHTS ACT"),

which prohibited the deprivation of a right, privilege or immunity, secured by the

Constitution of the United States.

58.　On September 5, 2008, and at all times relevant, the Fourth and the

Fourteenth Amendments to the United States Constitution prohibited illegal and

unreasonable searches and seizures of a person by a police officer of CHICAGO,

acting under color of law.

59.　On or about September 5, 2008, O'BRIEN and/or GRABER

unlawfully searched Plaintiff.

60.　On or about September 5, 2008, O'BRIEN and/or GRABER

unlawfully seized Plaintiff.

61.　On or about September 5, 2008, O'BRIEN and/or GRABER did not

have a search warrant naming Plaintiff.

62.　.On or about September 5, 2008, O'BRIEN and/or GRABER did not

have an arrest warrant naming Plaintiff.

63.　On or about September 5, 2008, the acts and conduct of O'BRIEN and

GRABER alleged above violated the FEDERAL CIVIL RIGHTS ACT.

64.　As a direct and proximate result of the acts and conduct of O'BRIEN

and GRABER alleged above which violated the FEDERAL CIVIL RIGHTS ACT,

Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for

a significant period of time, was caused to suffer, and continues to suffer, great mental

and emotional suffering, anguish and humiliation, severe emotional distress, damage to his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendants, **THOMAS M. O'BRIEN**, and **DENNIS M. GRABER**, under the Federal Civil Rights Act, 42 U.S.C. 1983, **for actual, compensatory, and punitive damages in excess of $ 50,000.00, attorney's fees, and costs of this lawsuit.**

## COUNT XIII
### *(SECTION 1983 ACTION)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY, pleading hypothetically and in the alternative, complains of Defendants, AARON D. CHATMAN, and ISAAC A. LAMBERT, as follows:

1.      Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count XIII.

2. – 24.      Plaintiff realleges Paragraphs 2 through 24 of Count II as Paragraphs 2 through 24 of this Count XIII.

25. – 26.      Plaintiff realleges Paragraphs 26 and 27 of Count V as Paragraphs

25 and 26 of this Count XIII.

27.     On September 5, 2008, and at all times relevant, CHATMAN was acting

under the color of state law, as a police officer of CHICAGO.

28.     On September 5, 2008, and at all times relevant, LAMBERT was acting

under the color of state law, as a police officer of CHICAGO.

29.     On September 5, 2008, and at all times relevant, there was in full force

and effect a federal law known as the Federal Civil Rights Act, 42 U.S.C. 1983

(referred to in this Complaint at Law as the "FEDERAL CIVIL RIGHTS ACT"),

which prohibited the deprivation of a right, privilege or immunity, secured by the

Constitution of the United States.

30.     On September 5, 2008, and at all times relevant, the Fourth and the

Fourteenth Amendments to the United States Constitution prohibited illegal and

unreasonable searches and seizures of a person by a police officer of CHICAGO,

acting under color of law.

31.     On or about September 5, 2008, CHATMAN and/or LAMBERT

unlawfully searched Plaintiff.

32.     On or about September 5, 2008, CHATMAN and/or LAMBERT

unlawfully seized Plaintiff.

33.     On or about September 5, 2008, CHATMAN and/or LAMBERT did

not have a search warrant naming Plaintiff.

38

34.     On or about September 5, 2008, CHATMAN and/or LAMBERT did not have an arrest warrant naming Plaintiff.

35.     On or about September 5, 2008, the acts and conduct of CHATMAN and/or LAMBERT alleged above violated the FEDERAL CIVIL RIGHTS ACT.

36.     As a direct and proximate result of the acts and conduct of CHATMAN and/or LAMBERT alleged above which violated the FEDERAL CIVIL RIGHTS ACT, Plaintiff was greatly injured and damaged, was deprived of his liberty and freedom for a significant period of time, was caused to suffer, and continues to suffer, great mental and emotional suffering, anguish and humiliation, severe emotional distress, damage to his reputation, and loss of a normal life, and was exposed to public scandal and disgrace.

**ACCORDINGLY,** Plaintiff, WILLIE LEE JENNINGS, JR., prays for a judgment in his favor and against Defendants, AARON D. CHATMAN, and ISAAC A. LAMBERT, under the Federal Civil Rights Act, 42 U.S.C. 1983, **for actual, compensatory, and punitive damages in excess of $ 50,000.00, attorney's fees, and costs of this lawsuit.**

## COUNT XIV

*(Section 9-102 of the Illinois Local Governmental
and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102)*

Plaintiff, WILLIE LEE JENNINGS, JR., by and through his attorneys, PERRY GRIMALDI and the LAW OFFICES OF JAMES M. GERAGHTY,

pleading hypothetically and in the alternative, complains of Defendant, CITY OF

CHICAGO, a municipal corporation, as follows:

1.      Plaintiff realleges Paragraph 1 of Count I as Paragraph 1 of this Count

XIV.

2.      On September 5, 2008, and at all times relevant, CHICAGO employed

O'BRIEN, GRABER, CHATMAN, LAMBERT, and the UNKNOWN OFFICERS,

as police officers.

3.      On September 5, 2008, and at all times relevant, O'BRIEN, GRABER,

CHATMAN, LAMBERT, and the UNKNOWN OFFICERS committed the acts

alleged in Counts I through XIII of this Complaint at Law under the color of law and

while acting within the scope of their employment as employees of CHICAGO.

4.      On September 5, 2008, and at all times relevant, Section 9-102 of Illinois

Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS

10/9-102, provided:

> A local public entity is empowered and directed to pay any tort judgment
> or settlement for compensatory damages (and may pay any associated
> attorney's fees and costs) for which it or an employee while acting within
> the scope of his employment is liable in the manner provided in this
> Article.  All other provisions of this Article, including but not limited to
> the payment of judgments and settlements in installments, the issuance of
> bonds, the maintenance of rates and charges, and the levy of taxes shall
> be equally applicable to judgments or settlements relating to both a local
> public entity or an employee and those undertakings assumed by a local
> public entity in intergovernmental joint self-insurance contracts. A local
> public entity may make payments to settle or compromise a claim or
> action which has been or might be filed or instituted against it when the
> governing body or person vested by law or ordinance with authority to

make over-all policy decisions for such entity considers it advisable to enter into such a settlement or compromise.

**ACCORDINGLY,** should any of the individual officers named in Counts I through XI of this Complaint at Law be found liable on or more or the actions set forth in Counts I through XIII of this Complaint at Law, Plaintiff, WILLIE LEE JENNINGS, JR., demands that, pursuant to the provisions of Section 9-102 of Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102, Defendant, **CITY OF CHICAGO,** be found liable for any judgment for actual and compensatory damages Plaintiff, WILLIE LEE JENNINGS, JR., obtains against the individual officers named in Counts I through XIII of this Complaint at Law, **and costs of this lawsuit.**

_____
                                    Perry Grimaldi

**PERRY GRIMALDI**
77 West Washington Street
Suite 505
Chicago, IL  60602
Tel.   312.388.0808
Fax.   312.242.3041
Attorney No. 32065

James M. Geraghty
**LAW OFFICES OF JAMES M. GERAGHTY**
111 W. Washington Street
Suite 1861
Chicago, IL 60602
Tel.   312.551.0457
Fax:   312.551.0495
Attorney No.  28594

41

| (Court Branch # or District #) | 01 OCT 08 0900 (Court Date/Time) | C.P.D. (Arresting Agency #) |
|---|---|---|

**MISDEMEANOR COMPLAINT** (This form replaces CCG-0655 , CCMC-0222 & CCMC-0225)　　(Rev. 12/7/00) CCCR 06

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

　　　　　　　　　　　　　　　**Plaintiff**

　　　　　v.　　　　　　　　　　　　　　　　　　　　　　NO. _____　　0082MC326

　　　　　WILLIE JENNINGS

　　　　　　　　　　　　　　　**Defendant.**

STATE OF IL/ P.O. O'BRIEN #12964 _____ complainant, now appears befo
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states the following:

That: _____ WILLIE JENNINGS _____ of _____ 1512 W 79TH _____ has, on or abo
　　　　　(defendant)　　　　　　　　　　　　　　(address)

_____ 05 SEP 08 _____ at the location of _____ 7848 S LAFLIN CHICAGO,IL COOK COUNTY
　　　　　(date)　　　　　　　　　　　　　　　　　　(place of offense)

committed the offense(s) of _____ OBSTRUCTING A PEACE OFFICER

in that he/she FAILED TO OBEY A LAWFUL ORDER OF DISPERSAL BY A PERSON KNOWN TO HIM TO BE A POLICE

OFFICER , UNDER SUCH CIRCUMSTANCES WHEREAS HE BECAME LOUD AND DISRUPTIVE IN AN ATTEMPT TO

INTERRUPT THE POLICE OFFICER'S INVESTIGATION  INTO  AGGRAVATED ASSAULT OF A PEACE OFFICER AT

7848 S LAFLIN

in violation of _____ 720 _____ Illinois Compiled Statutes _____ 5 _____ / _____ 31-1
　　　　　　　　　(Chapter)　　　　　　　　　　　　　　　　　　(Act)　　　　　(Sub Section)

**AOIC Code**

| | | | | | | |
|---|---|---|---|---|---|---|

_P. O'Bri___
(Complainant's Signature)

7808 S HALSTED
(Complainant's Address)

312.745.3610
(Complainant's Telephone)

P.O. O'BRIEN #12964
(Complainant's Name Printed or Typed)

**STATE OF ILLINOIS**　} **F I L E D**
**COOK COUNTY**　　　CIRCUIT COURT OF COOK COUNTY, IL
　　　　　　　　　　　FIRST MUNICIPAL DIST. TRAFFIC DIV
　　　　　　　　　　　SEP

The complainant, being first duly sworn on oath, deposes and says that he/she read the foregoing complaint by him/her subscribed an
that the same is true.　DOROTHY BROWN
　　　　　　　　　　　CLERK OF CIRCUIT COURT

_P. O'B___
(Complainant's Signature)

Subscribed and sworn to before me on this _____ 5TH _____ day of _____ SEPTEMBER _____ , 2008

_Dorothy Brow___ / _S.___  A1031
(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there i
probable cause for filing same. Leave is given to file said complaint.

**SUMMONS ISSUED,** Judge _____
or

**WARRANT ISSUED,** Bail set at: _____　　　　Judge's No. _____
or　　　　　　　　　　　　　　　　　　　　　　EXHIBIT

**BAIL SET AT:** _____ Judge _____　　A

　　　　　　　　　　　　　　　　　　　　　　　　　Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 35-2 | 01 OCT 08 0900 | C.P.D. |
|------|----------------|--------|
| (Court Branch # or District #) | (Court Date/Time) | (Arresting Agency #) |

**MISDEMEANOR COMPLAINT** (This form replaces CCG-0655 , CCMC-0222 & CCMC-0225)   (Rev. 12/7/00) CCCR 065

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

Plaintiff

v.

NO. _____

WILLIE JENNINGS

Defendant.

STATE OF IL/ P.O. O'BRIEN #12964 _____ complainant, now appears befor
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states the following:

That: _____ WILLIE JENNINGS _____ of _____ 1512 W 79TH _____ has, on or abou
(defendant)                                  (address)

_____ 05 SEP 08 _____ at the location of _____ 7848 S LAFLIN CHICAGO,IL COOK COUNTY _____
(date)                                          (place of offense)

committed the offense(s) of _____ AGGRAVATED ASSAULT OF A P.O. _____

in that he/she WITHOUT LAWFUL AUTHORITY ,KNOWINGLY STATED," FUCK YOU BITCH ASS POLICE ,WE'RE GOING
TO KICK YOUR ASS"! , THEREBY PLACING P.O. GRABER #7649 IN REASONABLE APPREHENSION OF RECEIVING A
BATTERY.

in violation of _____ 720 _____ Illinois Compiled Statutes _____ 5 _____ / _____ 12-2-A-6 _____
(Chapter)                                          (Act)              (Sub Section)

**AOIC Code**

| | | | | | | |
|--|--|--|--|--|--|--|

F I L E D
CIRCUIT COURT OF COOK COUNTY, IL.
FIRST MUNICIPAL DIST. TRAFFIC DIV.

SEP 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT

P.O. O'Brien
(Complainant's Signature)

7808 S HALSTED
(Complainant's Address)

312.745.3610
(Complainant's Telephone)

P.O. O'BRIEN #12964
(Complainant's Name Printed or Typed)

STATE OF ILLINOIS }
COOK COUNTY } ss:

The complainant, being first duly sworn on oath, deposes and says that he/she read the foregoing complaint by him/her subscribed and
that the same is true.

P.O. O'Br
(Complainant's Signature)

Subscribed and sworn to before me on this _____ 5TH _____ day of _____ SEPTEMBER _____ 2008

Dorothy Br 15 #12311
(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is
probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED, or   Judge _____

WARRANT ISSUED, or   Bail set at: _____                                          Judge's No. ____

BAIL SET AT: _____   Judge _____                                          Judge's No. ____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 01 OCT 08 0900 | C.P.D. |
|---|---|
| (Court Date/Time) | (Arresting Agency #) |

(Court Branch # or District #)

**MISDEMEANOR COMPLAINT** (This form replaces CCG-0655 , CCMC-0222 & CCMC-0225)  (Rev. 12/7/00) CCCR 065

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

Plaintiff

v.                                          NO. _____

WILLIE JENNINGS                    0 02 C 020

Defendant.

STATE OF IL/ P.O. GRABER#7649 _____ complainant, now appears befor
(Complainant's Name Printed or Typed)

**The Circuit Court of Cook County and states the following:**

That: _____ WILLIE JENNINGS _____ of _____ 1512 W 79TH _____ has, on or abou
                    (defendant)                              (address)

_____ 05 SEP 08 _____ at the location of _____ 7848 S LAFLIN CHICAGO,IL COOK COUNTY _____
            (date)                                          (place of offense)

committed the offense(s) of _____ AGGRAVATED ASSAULT OF A P.O.

in that he/she WITHOUT LAWFUL AUTHORITY ,KNOWINGLY STATED," FUCK YOU BITCH ASS POLICE ,WE'RE GOING TO KICK YOUR ASS"! , THEREBY PLACING P.O. GRABER #7649 IN REASONABLE APPREHENSION OF RECEIVING A BATTERY.

in violation of _____ 720 _____ Illinois Compiled Statutes _____ 5 _____ 12-2-A-6
                    (Chapter)                              (Act)              (Sub Section)

**FILED**
CIRCUIT COURT OF COOK COUNTY, IL.
AOIC Code FIRST MUNICIPAL DIST. TRAFFIC DIV.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

X P.O. Graber  S.B.
(Complainant's Signature)

7808 S HALSTED
(Complainant's Address)

**STATE OF ILLINOIS**
**COOK COUNTY** } ss.  DOROTHY BROWN CLERK
CLERK OF CIRCUIT COURT

312.745.3610
(Complainant's Telephone)

P.O. GRABER #7649
(Complainant's Name Printed or Typed)

The complainant, being first duly sworn on oath, deposes and says that he/she read the foregoing complaint by him/her subscribed and that the same is true.

X P.O. Gra  S.B.
(Complainant's Signature)

Subscribed and sworn to before me on this ____ 5TH ____ day of ____ SEPTEMBER ____ 2008

Dorothy B  S.  #1831
(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED, or   Judge _____

WARRANT ISSUED, or   Bail set at: _____   EXHIBIT   Judge's No.

B

BAIL SET AT: _____ Judge _____   Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 35-2 | 01 OCT 08 0900 | C.P.D. |
|------|----------------|--------|
| (Court Branch # or District #) | (Court Date/Time) | (Arresting Agency #) |

**MISDEMEANOR COMPLAINT** (This form replaces CCG-0655 , CCMC-0222 & CCMC-0225)      (Rev. 12/7/00) CCCR 065

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

                                **Plaintiff**

       v.                                 NO. _____ 0̶7̶2̶2̶c̶0̶e̶5̶6̶5̶

       WILLIE JENNINGS

                             **Defendant.**

STATE OF IL/ P.O. GRABER #7649 _____ complainant, now appears befor

(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states the following:

That: _____ WILLIE JENNINGS _____ of _____ 1512 W 79TH _____ has, on or abou

(defendant)   (address)

_____ 05 SEP 08 _____ at the location of _____ 7848 S LAFLIN CHICAGO,IL COOK COUNTY _____

(date)   (place of offense)

committed the offense(s) of _____ OBSTRUCTING A PEACE OFFICER _____

in that he/she FAILED TO OBEY A LAWFUL ORDER OF DISPERSAL BY A PERSON KNOWN TO HIM TO BE A POLICE

OFFICER , UNDER SUCH CIRCUMSTANCES WHEREAS HE BECAME LOUD AND DISRUPTIVE IN AN ATTEMPT TO

INTERRUPT THE POLICE OFFICER'S INVESTIGATION  INTO  AGGRAVATED ASSAULT OF A PEACE OFFICER AT

7848 S LAFLIN

in violation of _____ 720 _____ Illinois Compiled Statutes _____ 5 _____ / _____ 31-1 _____

(Chapter)   (Act)   (Sub Section)

**AOIC Code**

FILED
CIRCUIT COURT OF COOK COUNTY, IL
MUNICIPAL DIST. TRAFFIC DIV.

SEP 17

DOROTHY BROWN
CLERK OF CIRCUIT COURT

*P. O. Graber*

(Complainant's Signature)

7808 S HALSTED

(Complainant's Address)

312.745.3610

(Complainant's Telephone)

P.O. GRABER #7649

(Complainant's Name Printed or Typed)

STATE OF ILLINOIS } ss:
COOK COUNTY

The complainant, being first duly sworn on oath, deposes and says that he/she read the foregoing complaint by him/her subscribed and that the same is true.

*P. O. Grae*

(Complainant's Signature)

Subscribed and sworn to before me on this _____ 5TH _____ day of _____ SEPTEMBER _____ 2008

*Dorothy B* / S. O. #1891

(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same.  Leave is given to file said complaint.

**SUMMONS ISSUED,**
   or      Judge _____

**WARRANT ISSUED,**                                       Judge's No.
   or      Bail set at: _____

**BAIL SET AT:** _____ Judge _____

                                                   Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit A
Page 48 of 49

| 35-2 | 01 OCT 08 0900 | C.P.D. |
|---|---|---|
| (Court Branch # or District #) | (Court Date/Time) | (Arresting Agency #) |

**MISDEMEANOR COMPLAINT** (This form replaces CCG-0655 , CCMC-0222 & CCMC-0225)          (Rev. 12/7/00)  CCCR 065

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

                                             **Plaintiff**

      v.                                                                                                    NO. _____

    WILLIE JENNINGS

                                             **Defendant.**

STATE OF IL/ P.O. GRABER #7649 _____ complainant, now appears befor
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states the following:

That: _____ WILLIE JENNINGS _____ of _____ 1512 W 79TH _____ has, on or abou
               (defendant)                              (address)

_____ 05 SEP 08 _____ at the location of _____ 7848 S LAFLIN CHICAGO,IL COOK COUNTY _____
     (date)                                             (place of offense)

committed the offense(s) of _____ MOB ACTION

in that he/she DID INTENTIONALLY , BY THE USE OF FORCE AND VIOLENCE , DID DISTURB THE PUBLIC PEACE

IN THAT HE WHILE ACTING WITH TOMPKINS,NICHOLAS LED A LARGE GROUP OF  30 OR MORE INDIVIDUALS

TOWARD P.O.s  O'BRIEN# 12964 & GRABER #7649  AND WITHOUT LAWFUL AUTHORITY STATED," FUCK THESE

POLICE , GET THOSE NIGGERS AWAY FROM THEM"

in violation of _____ 720 _____ Illinois Compiled Statutes _____ 5 _____ / _____ 25-1(a)(1)
         (Chapter)                                        (Act)           (Sub Section)

**AOIC Code**

☐ ☐ ☐ ☐ ☐ ☐ ☐

*P. O. Graber S.B*
(Complainant's Signature)

7808 S HALSTED
(Complainant's Address)

312.745.3610
(Complainant's Telephone)

P.O. GRABER #7649
(Complainant's Name Printed or Typed)

**FILED**
CIRCUIT COURT OF COOK COUNTY, IL.
FIRST MUNICIPAL DIST. TRAFFIC DIV.
SEP ...
... BROWN
CLERK OF THE CIRCUIT COURT

**STATE OF ILLINOIS** } ss:
**COOK COUNTY**

The complainant, being first duly sworn on oath, deposes and says that he/she read the foregoing complaint by him/her subscribed and
that the same is true.

*P. O. Graber S.B*
(Complainant's Signature)

Subscribed and sworn to before me on this _____ 5TH _____ day of _____ SEPTEMBER _____ 2008
*Dorothy B _____ #031*
(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is
probable cause for filing same.  Leave is given to file said complaint.

**SUMMONS ISSUED,**   Judge _____
   or
                                                                Judge's No.

**WARRANT ISSUED,**   Bail set at: _____
   or

**BAIL SET AT:** _____ Judge _____
                                                               Judge's No.

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

<u>**AFFIDAVIT (PURSUANT ILLINOIS SUPREME RULE 222(b)**</u>

Affiant, Perry Grimaldi, states as follows:

1.    I am one of the attorneys for the Plaintiff in the preceding Complaint at

Law.

2.    The total of money damages sought by the Plaintiff in the preceding

Complaint at Law, does exceed $50,000.

**<u>AFFIANT FURTHER SAYETH NAUGHT</u>**.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil
Procedure, the undersigned certifies that the statements set forth in this AFFIDAVIT
are true and correct, except as to matters therein stated to be on information and belief
and as to such matters the undersigned certifies as aforesaid that he verily believes the
same to be true.

_____
                    Perry Grimaldi

**PERRY GRIMALDI**
77 West Washington Street
Suite 505
Chicago, IL  60602
Tel.    312.388.0808
Fax.    312.242.3041
Attorney No. 32065